UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL JAY CHERRY,

        Petitioner,        Case No. 1:07-cv-1100

v.        Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

  I.  Factual Allegations

  Petitioner Randall Jay Cherry presently is incarcerated with the Michigan Department of Corrections and housed at the Riverside Correctional Facility. Following a bench trial held in the Ottawa County Circuit Court in March 1993, Petitioner was convicted of first-degree premeditated murder and first-degree felony murder, both contrary to MICH. COMP. LAWS § 750.316. He currently is serving a term of life imprisonment imposed on April 19, 1993.

  Petitioner appealed his conviction to the Michigan Court of Appeals. By unpublished opinion issued February 16, 1996, the court of appeals affirmed the conviction for first-degree premeditated murder but vacated the conviction for first-degree felony murder as violative of the constitutional guarantee against double jeopardy. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

  On August 3, 2005, Petitioner filed a motion for new trial in the Ottawa County Circuit Court. The trial court denied the motion on September 8, 2005. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on October 31, 2006. Petitioner filed the instant petition on or about October 26, 2007.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on October 26, 2007, and it was received by the Court on October 31, 3007. Thus, it must have been handed to prison officials for mailing at some time between October 26 and October 31, 2007. For purposes of this case, the Court has given Petitioner the benefit of the earliest possible filing date.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals, which denied his appeal on February 16, 1996. Petitioner did not, however, appeal to the Michigan Supreme Court. Under Michigan law, a delayed application for leave to appeal to the Michigan Supreme Court may not be filed more than 56 days after the Court of Appeals decision. MICH. CT. R. 7.302(C)(2). The 56-day period expired on Friday, April 12, 1996. Petitioner's judgment therefore became final on that date, twelve days before the effective date of the AEDPA, April 24, 1996. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that a judgment becomes final for purposes of the statute of limitations applicable to habeas petitions on the last date for filing that level of appeal which Petitioner defaulted). *Accord Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)).

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the AEDPA has one year from the effective date, or until April 24, 1997, in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Petitioner filed on October 31, 2007.

Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in 1997, his motion for new trial filed in 2005 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at \*2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at \*1 (N.D. Cal. Feb. 2, 1999). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*,

250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 510.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  November 7, 2007                          /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).