UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDALL JAY CHERRY,

       Petitioner,

v.                                           Case No. 1:07-CV-1100

CARMEN PALMER,                   HON. GORDON J. QUIST

       Respondent.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the report and recommendation dated November 7, 2007, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations.  The magistrate judge also concluded that Petitioner is not entitled to equitable tolling.  After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his Objection, Petitioner raises the issue of how the AEDPA can apply retroactively to his conviction, which became final prior to the date the AEDPA took effect.  As the magistrate judge pointed out, however, the Sixth Circuit held that petitioners whose convictions became final prior to the effective date of the AEDPA had one year from its effective date, or until April 24, 1997, in which to file their petitions.  Petitioner failed to file his petition on or before that date.  Thus, his petition is barred by the one-year limitations period.

On November 28, 2007, Petitioner filed a request for an extension of time to file an objection based upon his inability to access the prison's law library.  Petitioner requested an extension until

November 27, 2007, to file his objection.  Yet, Petitioner had already filed an objection on November 19, 2007, in which he questioned the effect of the AEDPA on his conviction.

Petitioner does not indicate why he needs access to a law library to formulate an adequate objection to the report and recommendation.  Because Petitioner filed his petition well beyond the expiration of the one-year grace period, the only potential argument that Petitioner has to avoid the one-year limitations period is equitable tolling.  To the extent that Petitioner has an argument for equitable tolling, he would have personal knowledge of any facts supporting that claim and could include them in an objection without resort to a law library.  The Court also notes that the law regarding equitable tolling was set forth in the report and recommendation, and Petitioner needed only to cite any extraordinary circumstance he believes would support equitable tolling.  Finally, the Court notes that November 27, 2007 – the date Petitioner requested as an extension – has come and gone, but Petitioner has not even filed a proposed objection in anticipation of the motion being granted.  Accordingly, the Court will deny the motion.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 7, 2007 (docket no. 2) is **APPROVED AND ADOPTED** as the Opinion of this Court.  Petitioner's Request for Extension of Time (docket no. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: January 3, 2008                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

3